Terry NEWELL, Appellant,

v.

STATE of Alaska, Appellee.

No. 4453.

Supreme Court of Alaska.

Dec. 5, 1980.

Richard Yospin, Asst. Public Defender, Ketchikan, and Brian Shortell, Public Defender, Anchorage, for appellant.

Dean J. Guaneli, Asst. Atty. Gen., Daniel W. Hickey, Chief Prosecutor, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE ana MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

PER CURIAM.

Terry Newell's parole was revoked. At the hearing of the Parole Board at which this decision was made, Newell's parole officer, who had recommended revocation, was allowed to sit in on the Board's deliberations. Newell claims that this action by the Board denied him his rights to due process of law.[1] We agree.

Newell was convicted of forgery in 1975, and was sentenced to four years. He was paroled in May, 1977. On October 17, 1977, Newell's parole officer, Barton Penny, submitted to the Board a field report listing six alleged parole violations by Newell and rec-

ommending parole revocation. In response to this report, William Lyons, a Board member, on November 17 issued a warrant for Newell's arrest, and Newell was arrested on November 24. A preliminary hearing was held before Sam Trivette, the Board's executive director, on November 28, and Trivette found probable cause for revocation. He ordered Newell incarcerated pending the final hearing before the Board.

The final hearing was held on January 27, 1978. Trivette, who was present on behalf of the Board summarized the case before the Board, but did not actually argue for revocation. Barton Penny, who was also present, summarized the evidence and expressed his view that Newell was not amenable to parole. When the Board retired for deliberations, both Trivette and Penny were allowed to remain, although Newell and his attorney were excluded. The Board subsequently decided to revoke parole with no provision for further review.[2]

In April, 1978, Newell applied for post-conviction relief, alleging several flaws in the revocation procedure. He was released on bail pending adjudication of his claims, but in October the superior court summarily denied his application. Bail has been continued pending this appeal so that there is still a live controversy.

We find that the dispute here is governed by our decision in *In re Robson*, 575 P.2d 771 (Alaska 1978). In that case we held that Robson had been denied due process in disciplinary proceedings before the Alaska Bar Association's Board of Governors because of the presence of the Association's executive director during the Board's deliberations. The director had not presented the case against Robson, and we had "no question but that the purposes of her attendance were entirely ethical." *Id.* at 775. We nevertheless concluded that "the proceedings violated due process as to the fact or appearance of impartiality during the deliberations" because the executive di-

---

1. U.S.Const., amends. V and XIV; Alaska Const., art. I, § 7.

2. In other words, Newell would serve the remaining two years of his sentence, less good time credits.

rector supervised the bar counsel who had presented the bar's case. *Id.*

The state seeks to distinguish *Robson* by offering an extremely narrow reading of our holding therein. It contends that *Robson* forbids only the presence of *counsel* who have prosecuted the case. According to the state, "if the person [present during deliberations] acts on behalf of the deliberating body only to make a preliminary investigation and recommendation in the case, or if he appears as a witness, then due process is not violated." The state is correct with respect to the person making a preliminary investigation and recommendation. See *Robson* at 774: "Making such preliminary investigations to determine whether charges should be filed is quite different from participating in the prosecution stage of grievance proceedings."[3] But there is no language in *Robson* to support the state's argument about the presence of witnesses; to the contrary, the opinion clearly implies that *anyone* "participating in the prosecution stage of grievance proceedings" must be excluded from the adjudicating body's deliberations.[4] The question thus becomes whether Parole Officer Penny participated in the prosecution.

There was no actual prosecutor for the state here as there was for the bar in *Robson*. The Ketchikan district attorney argued the case for revocation at the preliminary hearing, and apparently felt that his presence was not necessary at the final hearing. But the absence of a formal prosecutor here does not mean that a *Robson*-type violation is impossible. As noted, the bar executive director in *Robson* had not directly prosecuted the bar's case, but her position as the prosecuting attorney's supervisor gave the deliberations an appearance of partiality. In our opinion a far stronger appearance of partiality is created when the person sitting in on deliberations is the person who initially recommended revocation and whose reports and testimony form the bulk of the evidence supporting revocation. We cannot realistically regard such a person as other than part of the prosecution.[5]

The state also contends that *Robson*, if not distinguishable, should not be applied retroactively to Newell's parole revocation hearing. We cannot agree. The question of retroactivity arises only when a decision creates a new rule of law, *State v. Glass*, 596 P.2d 10, 12 (Alaska 1979), and in our view, *Robson* did not create a new law. Rather, *Robson* rests on the well-established premise that due process includes the right to an impartial fact finder, a premise that *Morrissey v. Brewer*, 408 U.S. 471, 485–86, 92 S.Ct. 2593, 2602–2603, 33 L.Ed.2d 484, 497 (1972), had already held applicable to parole revocation proceedings.

The state's final argument is that if Penny's presence was error, that error was harmless, because the evidence of Newell's parole violations was clear. Had the Board simply revoked parole, we might agree, because the questioning by all the Board members during the hearing indicates that they all considered Newell's infractions serious enough to warrant revocation. But the Board went beyond simple revocation; it revoked parole with no provision for further review, the most stringent action it could take. We certainly cannot say that the Board would have reached this decision in the absence of Penny, with his view that Newell is not amenable to parole. We observe that the Board's discussion was "considerable," suggesting that the Board's initial position might not have been unanimous, as the final decision was.

---

3. This language probably explains why Newell does not challenge the presence of Trivette during the Board's deliberations.

4. See also note 11 of *Robson*, at 774, distinguishing *Klinge v. Lutheran Charities Ass'n of St. Louis*, 523 F.2d 56, 62–63 (8th Cir. 1975). That case held that no due process violation resulted when a hospital's lawyer presided over a hearing to terminate a doctor's hospital practice rights. *Klinge* was distinguished because "[t]here was no indication . . . that the attorney was *associated with* the prosecution of the case against the doctor." (emphasis added).

5. Penny's summarization of the evidence before the Board sounds to us very much like a prosecutor's closing argument.

We thus must grant Newell's application for post–conviction relief, and remand the case for a new Parole Board hearing. But we cannot grant the full relief requested by Newell, namely, that his revocation proceedings on remand be held before a court–appointed board or before the superior court itself. We have only limited power to review Parole Board decisions, and cannot usurp the authority of the Board as Newell requests. Moreover, we agree with the state that any taint resulting from Penny's presence is by now negligible, as the disputed proceedings were held over two years ago. The Board will also have much new evidence to consider, to wit, Newell's conduct during the last two years.

REVERSED and REMANDED for further proceedings.

BOOCHEVER, J., not participating.