57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eric J. HOLDEN, Plaintiff-Appellant,
v.
Russell BABCOCK, Dianne Cooper, and Samuel Trivette,
Defendants-Appellees.
 No. 93-35414.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric Jay Holden, an Alaska state prisoner, appeals (1) the district court's dismissal of his claim against Russell Babcock for malicious prosecution; and (2) the district court's grant of summary judgment for the remaining defendants. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 While Holden was out of prison on parole, he was tried and acquitted on a rape charge. Babcock was the district attorney who prosecuted the case. Following Holden's acquittal, Babcock contacted Dianne Cooper, Holden's parole officer, and worked with Cooper to initiate proceedings to revoke Holden's parole. Babcock and Cooper were present at the parole revocation hearing and Babcock presented the state's case against Holden. Samuel Trivette, executive director of the Board of Parole, presided over the hearing and ruled on evidentiary objections.
 
 II
 Standard of Review
 
 5
 We review both a grant of absolute immunity and a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.2d 1127, 1130 (9th Cir.1994) (summary judgment); Fry v. Melaragno, 939 F.2d 832, 825 (9th Cir.1991) (absolute immunity).
 
 
 6
 The correct inquiry with regard to summary judgment is "whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." Jesinger, 24 F.3d at 1130. To establish a genuine issue of material fact, the non-moving party must make "a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994).
 
 III
 Merits
 A. Claims against Babcock
 
 7
 Prosecuting attorneys are absolutely immune from civil suits for damages relating to professional conduct which is "intimately associated with the judicial phase of the criminal process," Imbler v. Pachtman, 424 U.S. 409, 430 (1975), or which is "undertaken ... in the course of [their] role as an advocate for the State...." Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993); see also Burns v. Reed, 111 S.Ct. 1934, 1939 (1991); Fry, 939 F.2d at 837.
 
 
 8
 Holden alleged that Babcock used perjured testimony as part of the closing argument during Holden's rape trial. Presentation of closing arguments is clearly part of the prosecuting attorney's role as an advocate for the state and closely related to the judicial phase of a criminal prosecution. See Imbler, 424 U.S. at 425 (absolute immunity is available for challenges to "the propriety of closing argument"). Therefore, the district court properly dismissed Holden's claim that Babcock utilized perjured testimony as part of his closing argument.
 
 
 9
 Holden also alleged that Babcock maliciously prosecuted the revocation of Holden's parole by initiating parole revocation proceedings and presenting the state's case at the parole board hearing. When considering allegations of malicious prosecution, we have relied upon applicable state law. See Gowin v. Altmiller, 663 F.2d 820, 823 (9th Cir.1981). In Alaska, to state a successful claim of malicious prosecution, the plaintiff must establish that the proceeding in question was resolved in the plaintiff's favor. Shaw v. State, 816 P.2d 1358, 1362 (Alaska 1991); Hazen v. Municipality of Anchorage, 718 P.2d 456, 461 (Alaska 1986). Because the proceeding in question--Holden's parole hearing--was not resolved in his favor, he cannot establish this element of his tort claim. For this reason, Holden cannot succeed on his claim of malicious prosecution. Therefore, the district court properly dismissed Holden's malicious prosecution claim.[1]
 
 B. Claims against Cooper
 
 10
 Holden alleged that Cooper, Holden's parole officer, committed perjury when testifying about Babcock's involvement in Holden's parole-revocation hearing. Witnesses have absolute immunity from civil suits for damages relating to their testimony at judicial proceedings even when they know the testimony is false. Burns, 111 S.Ct. at 1941; Briscoe v. Lahue, 460 U.S. 325, 326 (1983); see also Demoran v. Witt, 781 F.2d 155, 158 (9th Cir.1985) (claims of bad faith or malice are insufficient to overcome absolute immunity). Although a parole revocation hearing may not possess all the formal characteristics of a judicial proceeding, we conclude that the immunity available to witnesses should apply when testimony is given before a parole board. Compare with Briscoe, 460 U.S. at 333-34, 341-42 (discussing reasons for granting immunity to witnesses testifying during judicial proceedings). Therefore, the district court properly ruled that Cooper was immune from suit on this issue.
 
 
 11
 Holden also alleged that Cooper was present during the deliberations concerning revocation of his parole. Allowing a parole officer, who has recommended parole revocation, to be present during parole board deliberations is a violation of the parolee's due process rights under the Alaska Constitution. Newell v. State, 620 P.2d 680, 681-82 (Alaska 1980). Although the parties agree that Cooper remained in the room with the parole board after Holden and his lawyer were excused, Trivette, the executive director of the parole board, submitted a sworn affidavit stating that Cooper left before deliberations commenced. Because Trivette's uncontested sworn statement is based on personal knowledge, Holden has failed to establish a genuine issue of material fact as to his claim that Cooper was present during parole-revocation deliberations. See Celotex Corp., 477 U.S. at 322; Barnett, 31 F.3d at 815.[2]
 
 C. Claims against Trivette
 
 12
 Holden claims that Trivette violated his right to due process by ruling on evidentiary objections before allowing the parole board to reach a consensus as to these objections. Parole board members are entitled to absolute immunity when they are acting in their quasi-judicial function. Anderson v. Boyd, 714 F.2d 906, 909 (9th Cir.1983); Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.1981). Ruling on evidentiary objections clearly lies within the quasi-judicial function of parole board members.
 
 
 13
 Trivette is not a member of the parole board, but rather he is an employee. See Alaska Stat. Sec. 33.16.080 (1986). By presiding over the hearing, however, he was engaging in the same quasi-judicial function for which a board member would have immunity. Because Trivette was functioning in a sufficiently quasi-judicial manner, we conclude that he is entitled to a grant of absolute immunity for his conduct. See Butz v. Economou, 438 U.S. 478, 512 (1977) (for absolute-immunity inquiry, it is the "nature of the function performed, not the identity of the actor who performed it"); Meyers v. Contra Costa Co. Dep't for Social Servs., 812 F.2d 1154, 1159 (9th Cir.) (same), cert. denied, 484 U.S. 829 (1987). Therefore, the district court properly ruled that Trivette was immune from suit.
 
 
 14
 In sum, the district court did not err in dismissing Holden's claims against Babcock and granting Cooper's and Trivette's motions for summary judgment.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, Holden's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we may affirm the district court's action on any grounds supported by the record, Salmeron v. U.S., 724 F.2d 1357, 1364 (9th Cir.1983), we need not reach the question of whether a prosecuting attorney's participation in a parole revocation hearing falls within Imbler 's grant of immunity or the question of whether a parole revocation hearing is a "prosecution" within the ambit of the tort of malicious prosecution
 
 
 [2]
 Holden also alleges that Babcock was present during parole board deliberations. Because Trivette's sworn statement also states that Babcock left before deliberations began, Holden's claim against Babcock fails for the same reasons as does his claim against Cooper