910 P.2d 752

**In the Matter of Spencer E. DAW, Attorney at Law.**

**IDAHO STATE BAR, Plaintiff,**

v.

**Spencer E. DAW, Defendant.**

**No. 21542.**

Supreme Court of Idaho, Boise, November 1995 Term.

Jan. 30, 1996.

Michael J. Oths, Boise, for plaintiff.

Weinpel, Woolf & Combo, Idaho Falls, for defendant.

TROUT, Justice.

This is an attorney discipline case in which a hearing committee of the Professional Conduct Board determined that Spencer E. Daw (Daw) violated the Idaho Rules of Professional Conduct and recommended that he be assessed a private reprimand. The Idaho State Bar contests the recommended sanction. We affirm the conclusion of the Professional Conduct Board that Daw violated I.R.P.C. 1.3 and 1.4 and we order the imposition of a public reprimand with a twelve month probation.

## I.

### BACKGROUND

Daw was appointed as public defender to represent Gary Baxter (Baxter) for various drug-related felonies. In connection with these felonies, Baxter was later served with a civil forfeiture complaint seeking his car and $953 which was in his possession at the time of the arrest. Baxter gave the civil forfeiture case to Daw who subsequently failed to take any action in the matter. A default judgment was entered against Baxter and

both the $953 and his car were forfeited to the State.

Baxter inquired of Daw why the default had been entered and Daw explained the failure as secretarial error. Daw also informed Baxter that he believed Baxter's only reasonable hope was recovery of $253 in cash, the amount noted on a pay stub that Baxter had given Daw earlier. Baxter testified before the hearing committee that he nonetheless urged Daw to pursue the automobile and that Daw agreed to try to have the default set aside, assuring Baxter that he would pay him the $253 if he was unable to do so. Daw claims, however, that Baxter agreed to take the $253 cash instead of having Daw attempt to set aside the default, although he also insists he retained the option to file the motion if he chose to do so. Daw had by then discovered that his public defender contract did not obligate him to defend Baxter's civil forfeiture action and he maintains that Baxter elected to take the $253 in order to avoid having to retain Daw or some other attorney, at Baxter's expense, to defend the matter to its conclusion.

Baxter thereafter began serving a 120–day period of retained jurisdiction in Cottonwood, Idaho, for his criminal conviction and had no communication from Daw regarding the forfeiture action during his period of incarceration. Upon his release, Baxter contacted Daw who told Baxter that he had decided to simply refund the $253 rather than file a motion to set the default aside. Baxter took the money but maintains that he continued to insist that Daw attempt to have his car recovered.

Baxter complained about Daw's handling of his civil forfeiture case to the Idaho State Bar. The Bar filed a complaint against Daw and a hearing was conducted before a committee of the Professional Conduct Board. The hearing committee concluded that Daw failed to diligently defend Baxter's forfeiture in violation of I.R.P.C. 1.3 and that he failed to keep his client informed in violation of I.R.P.C. 1.4. Daw had previously been found by this Court to be in violation of I.R.P.C. 1.4 as well other provisions of the Idaho Rules of Professional Conduct for his actions involving a different client and had been placed on a

ninety-day withheld suspension from the practice of law, coupled with probationary conditions (*Daw I*). The hearing committee in the instant action noted, however, that Daw's misconduct in the Baxter case predated entry of this Court's order in *Daw I* and concluded that the appropriate sanction should be a private reprimand and reinstitution of the conditions of probation previously imposed by this Court. The Idaho State Bar contests the recommended sanction.

## II.

### STANDARD OF REVIEW

While we give great weight to the findings and recommendations of the hearing committee, this Court bears the ultimate responsibility for ordering the suspension of an attorney. *Matter of Jenkins and Stosich*, 127 Idaho 408, 414, 901 P.2d 1309, 1315 (1995). The Court will make an independent review of the record to determine whether the evidence supports the hearing committee's findings and recommendations. *Id.* The evidence supporting a recommendation by the hearing committee that an attorney's conduct merits disciplinary action must be "clear and convincing." *Id.*

## III.

### THE BAR'S APPEAL OF A PRIVATE REPRIMAND

The procedural path to be followed in all formal disciplinary proceedings is set forth in I.B.C.R. 511. I.B.C.R. 511(*l*)(4) describes the steps to be followed if the hearing committee recommends a public reprimand and I.B.C.R. 511(*l*)(5) outlines the procedural path for the hearing committee's recommendation of greater sanctions. While the procedural steps that must be taken if a private reprimand is recommended are not specifically provided in I.B.C.R. 511, recent amendments to I.B.C.R. 509(c) do permit an appeal to this Court of a hearing committee's review of a private reprimand issued by bar counsel. *Malmin v. Oths*, 126 Idaho 1024, 1026, 895 P.2d 1217, 1219 (1995). Although review of the private reprimand by this Court in *Malmin* was requested by the attor-

ney who received the sanction, I.B.C.R. 509(c) specifically provides that "[e]ither the grievant or the defendant may request review." I.B.C.R. 509(c). Although the rules define "grievant" as the individual or entity who files a written statement with bar counsel alleging attorney misconduct, I.B.C.R. 501(i), the Court will liberally construe the term "grievant" to include bar counsel who, by filing a complaint following an investigation of alleged misconduct by an attorney, effectively steps into the shoes of the aggrieved individual or entity. The amended I.B.C.R. 509(c) thus provides that the State Bar can also seek review by this Court of the hearing committee's decision to issue a private reprimand.

Daw also complains that even if the hearing committee's decision is appealable, the State Bar failed to pursue the proper procedural path by not filing a notice of objection to the hearing committee's recommendation as provided in I.B.C.R. 511(n). This Court may in its discretion, however, conduct a review of the transcript and the hearing committee's recommendation and order the submission of briefs and oral argument even without the filing of such notice. I.B.C.R. 511(*o*).

### IV.

### HEARING COMMITTEE'S CONCLUSIONS AND RECOMMENDED SANCTION

█ The hearing committee concluded that Daw violated I.R.P.C. 1.3 and 1.4 in his handling of Baxter's civil forfeiture action. The burden is thus on Daw to show that the findings of the committee are not supported by the evidence. *Matter of Jenkins,* 120 Idaho 379, 383, 816 P.2d 335, 339 (1991).

#### 1. Diligence

I.R.C.P. provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

█ It is uncontested and, in fact, Daw fully admits that he completely failed to enter an appearance in Baxter's civil forfeiture action which resulted in a default judgment

against his client and the complete forfeiture of Baxter's car and the entire $953. After being confronted with his neglect Daw later discovered that he had no duty, under his public defender contract, to defend the civil forfeiture action. Daw argues that he then informed Baxter that he would either give him $253, the amount on Baxter's pay stub and a sum Daw contends is the most Baxter could have hoped to receive if Daw was successful in defending the civil forfeiture action, or Baxter could retain Daw or another attorney, at Baxter's expense, to continue to litigate the matter. Daw maintains that Baxter chose the $253 but that Daw retained the option to defend the civil forfeiture if he so desired. Baxter claims, on the other hand, that he insisted Daw attempt to obtain the return of Baxter's car and that he took the $253 offered to him only as partial settlement for Daw's failure to pursue the forfeiture action.

The hearing committee found that Daw violated I.R.P.C. 1.3 not only for his failure to enter an appearance or file an answer in Baxter's civil forfeiture action, but also for his failure to promptly file a motion to amend or alter the default judgment, his failure to pursue viable alternatives for the return of Baxter's car, and his failure to diligently remedy the matter with his client after Baxter's release from prison.

Even accepting Daw's version of the events that transpired after the default, it is clear that Daw violated I.R.P.C. 1.3 for his failure to act with reasonable diligence and promptness in representing his client. As we stated earlier, Daw admits his negligence in not making an appearance or filing an answer in the civil forfeiture action, a result directly connected with what the hearing committee found were extremely lax office practices. Daw's failure to calendar his cases, maintain some system that would alert him of upcoming deadlines, and exercise docket control all substantially contributed to Daw's failure to act in this case and, indeed, would almost certainly result in future lapses as well if left uncorrected.

As to Daw's failure to seek out alternatives for the return of Baxter's car, Daw claims that his promise to pay Baxter $253 was

reasonable in light of the fact that Baxter's car and most of the money seized were clearly forfeitable. The car had been used as the vehicle for conveying the illegal substances that were the source of Baxter's wrongdoing and the remaining $700 of the $953 was apparently drug purchase money. Daw fails, however, to address the hearing committee's conclusion that, although recovery of Baxter's car was not probable, Daw failed to discover that the State had evidently returned property to another defendant that seemed clearly forfeitable nor did he investigate other possibilities for the return of the car such as negotiating a possible purchase of it by Baxter from the State of Idaho.

Finally, Daw contends that he paid Baxter the $253 in compromise promptly upon Baxter's release from prison. Daw minimizes the fact that his payment was forthcoming only after Baxter pursued Daw for the money after his return from Cottonwood. Even accepting Daw's version of the agreement, the amount the parties agreed to in compromise should have been paid immediately and certainly no later than Daw's determination not to file the motion to set aside the default judgment. Instead, Daw withheld payment of the $253 until he was prompted by Baxter to do so after Baxter's release from prison.

All of these actions evidence a definite lack of diligence on Daw's part in properly representing his client and the hearing committee's conclusion that he violated I.R.P.C. 1.3 is clearly supported by the evidence.

## 2. Communication

The Idaho Rules of Professional Conduct also provide:

**Rule 1.4 Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a manner and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

The hearing committee concluded that Daw violated I.R.P.C. 1.4 by failing to keep his client adequately informed of the progress of his case. The hearing committee cited the total lack of any evidence of written communication between Daw and Baxter through the time of the entry of default and subsequently and, further, the absence of file notes indicating a single oral conversation between the two nor any other notes that might indicate that Daw spent even minimal time communicating with his client. After Baxter went to Cottonwood, the hearing committee noted that Daw continued to ignore Baxter and did not once communicate with him concerning how he was going to deal with the default.

Daw endeavors to deflect these findings by pointing out that Baxter never tried to communicate with Daw during the entire time that Baxter was incarcerated. Daw's attempt to obfuscate the issue of his ethical breach by somehow hinging Daw's obligation to communicate with Baxter on Baxter first attempting to contact him is a *non sequitur*. An attorney violates I.R.P.C. 1.4 by failing to keep his client informed about the status of a matter. This obligation is placed on the attorney, not the client. Baxter's failure to contact Daw during the time he was in prison in no way serves to relieve Daw of his obligation to communicate with his client.

Daw argued, in his defense to the hearing committee's finding of lack of diligence, that he made an agreement with Baxter to wit: at Daw's option, he would either pay Baxter the $253 or file a motion to set aside the default judgment and then let Baxter retain an attorney to litigate the matter to its conclusion. This agreement, even accepting Daw's version of the events to be true, would appear to place the burden of contacting Baxter while he was in prison even more firmly on Daw. If Daw had decided to file the motion to set aside the default judgment Baxter would need to be promptly apprised of this so that he could then decide, if such motion were successful, whether to retain Daw or secure another attorney to litigate the matter for him. Daw contends that he decided not to file the motion. As the hearing committee noted, however, he failed to apprise Baxter of his decision and asserts, wrongly, that it was Baxter's duty to inquire of him what Daw's decision would be.

All of the evidence before the hearing committee thus plainly indicates an egregious failure to communicate on Daw's part in violation of I.R.P.C. 1.4.

### 3. Appropriateness of Sanction

█ Although the findings and recommendations of the hearing committee in an attorney discipline case are entitled to great weight, it is ultimately the responsibility of this Court to determine the sanctions that should be imposed. *Matter of Williams,* 122 Idaho 404, 406, 834 P.2d 1320, 1322 (1992).

█ A threshold issue here is whether a private reprimand is properly within the universe of sanctions available to the Professional Conduct Board. As both parties note, I.B.C.R. 511(*l*) does not provide for a procedure to be followed in the event either party wishes to seek review of a recommendation by the hearing committee of a private reprimand. This may be due to the fact that the institution of a formal charge against an attorney, a precursor to any disciplinary hearing, will necessarily result in a loss of the confidentiality implicit in a private reprimand. *See* I.B.C.R. 521. For that reason the rules provide for a private reprimand "imposed by Bar Counsel," and not by the Professional Conduct Board in order to preserve the confidentiality of such a sanction. I.B.C.R. 506(f); *compare with* I.B.C.R. 506(e) (public reprimand is public, verbal and written discipline *imposed by the Professional Conduct Board* ). For these reasons we hold that a private reprimand is not a sanction that the Professional Conduct Board can impose under our rules. The Professional Conduct Board merely has the option of affirming or rejecting that sanction if imposed by bar counsel. *See Malmin,* 126 Idaho 1024, 895 P.2d 1217.

Before the hearing committee, the State Bar requested that Daw be suspended from the practice of law for at least ninety days and, upon reinstatement, that his practice be under supervision. This recommendation was made based upon Daw's substantially similar conduct with another client during this same time period. While acknowledging this aggravating factor, the hearing committee noted that Daw's actions in the instant

case preceded the Supreme Court's order in *Daw I* and that during the time of Daw's probation he apparently complied with the Court's probationary orders. The hearing committee viewed this as offsetting the aggravating factor of Daw's previous misconduct and, for that reason, recommended the private reprimand.

We have now held that a private reprimand is not a sanction that the Professional Conduct Board may impose. The sanctions available to the Professional Conduct Board for disciplining an attorney are public reprimand, public censure, suspension or disbarment. I.B.C.R. 511(*l* )(4), (5). The State Bar argues that a suspension is indicated here even though Daw's conduct was not a violation of the probationary order handed down in *Daw I.* The Bar maintains that Daw's actions in this case substantially overlapped the violations he committed in *Daw I* at the very time he should have been most acutely aware of ethical considerations in his practice. In addition, the State Bar cites the ABA's "Standards for Imposing Lawyer Sanctions" which lists as an aggravating factor in determining an appropriate sanction "a pattern of misconduct." American Bar Association, Standards for Imposing Lawyer Sanctions (SILS), Standard 9.22 (1991).

█ It is clear that Daw violated I.R.P.C. 1.4 both here and in *Daw I* and under very similar circumstances. In the earlier disciplinary action, Daw asserted that he had been given broad latitude by his client to do whatever he thought was proper in a particular case including having it dismissed. Daw did not pursue the matter and the court issued an order to show cause why the case should not be dismissed for inactivity. Daw continued to take no action because he believed the case did not have merit and the suit was later dismissed. Daw was found in violation of I.R.P.C. 1.4 for failure to keep his client reasonably informed of the status of the relevant action by not advising the client of the order to show cause or of the dismissal. In his representation of Baxter, Daw again claims that he had been given the authority by his client to take whatever action he decided was best regarding whether or not to file a motion to set aside the default

judgment. Daw's ethical lapses in both of these cases clearly represent a disturbing pattern on Daw's part of making decisions that directly impact a client's rights or interests without previously, or even after the fact, notifying them of such. The very essence of the attorney-client relationship demands that, regardless of the amount of discretion an attorney believes he has been given by his client, he should nonetheless communicate the actions he has, in his discretion, taken.

 Although the ninety-day suspension recommended by the State Bar in this case appears to be consistent with sanctions imposed by this Court for similar ethical infractions, *see, e.g., Matter of Jenkins and Stosich,* 127 Idaho 408, 901 P.2d 1309 (1995), we take note of mitigating factors set forth by the hearing committee in this action that justify a lesser sanction. Daw has apparently complied fully with this Court's previously imposed probationary order and there is no evidence that he has violated any other rule of professional conduct since the order's imposition. Further, Daw's supervising attorney has attested to important modifications Daw has instituted in his practice in order to assure proper prosecution and client communication. This last factor is of particular importance in light of the primary goals behind our imposition of sanctions in attorney discipline cases. The purpose behind a suspension "is not to punish, but to protect the public from those who are unfit to perform the duties of an attorney at law." *Matter of Tway,* 123 Idaho 59, 61, 844 P.2d 688, 690 (1992) (quoting *In re Carter,* 59 Idaho 547, 86 P.2d 162 (1939)). Daw's multiple and overlapping ethical violations here and in *Daw I* appear to be the direct result of his failure to institute appropriate measures in his practice to avoid these problems. The desired effect on Daw's previously lax office practices has thus already been implemented and suspension would be, at this point, merely a punitive measure.

## V.

## CONCLUSION

We conclude that Daw violated I.R.P.C. 1.3 by failing to diligently represent his client

and that he violated I.R.P.C. 1.4 for failing to keep his client reasonably informed of the status of a matter. As a result of these violations, we order that Daw receive a public reprimand as provided in I.B.C.R. 506(e) and that he be placed on probation for twelve months under the following terms and conditions:

1. That he send copies of all pleadings and correspondence of each case to his client and that he submit an affidavit to the office of Bar Counsel every sixty days certifying compliance therewith.

2. That he discuss with every client the status of his/her case at least every sixty days and that he submit an affidavit to the office of Bar Counsel every sixty days certifying compliance therewith.

3. That he attend six hours of continuing legal education on client relations and law office management and that he submit an affidavit to the office of Bar Counsel certifying compliance therewith within fourteen days of completion of said continuing legal education.

4. That he respond to any inquiry from the Idaho Bar Association during the period of probation not more than seven days following receipt of said inquiry.

5. That, prior to the conclusion of the probationary period, he pay to the Idaho State Bar the cost of investigation and prosecution of this matter.

6. That he shall have no violations of the Idaho Rules of Professional Conduct which are proven during the probationary period through the normal disciplinary process.

7. That, during the period of probation, he should practice under the supervision of an attorney in good standing with the Idaho State Bar who is approved by the office of Bar Counsel who should, among other things, monitor Daw's performance of items 1 and 2.

In the event Daw fails to comply with these terms and conditions during the period

of his probation, he will be suspended from the practice of law for ninety days.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.