913 P.2d 1163

In the Matter of Lyle D. ELIASEN, Attorney at Law,

**IDAHO STATE BAR, Plaintiff–Petitioner,**

v.

**Lyle D. ELIASEN, Defendant–Respondent.**

No. 21828.

Supreme Court of Idaho,
Boise, January 1996 Term.

March 25, 1996.

Michael J. Oths, Boise, for petitioner.

Lyle D. Eliasen, American Falls, pro se for respondent.

JOHNSON, Justice

This is a lawyer discipline case.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS

Lyle D. Eliasen (the lawyer) is an Idaho lawyer who was hired by a dentist to collect unpaid dental fees from one of the dentist's patients (the patient). The lawyer obtained a judgment (the judgment) in the dentist's favor against the patient. The patient told the lawyer that he could not pay the judgment. The lawyer responded with a letter which told the patient that if he did not pay the judgment within sixty days, Idaho law required the court clerk to forward the judgment to the Department of Motor Vehicles (DMV), which would suspend the patient's driver's license.

The patient sought advice from the Idaho Legal Aid Services, Inc. (Legal Aid) about the lawyer's letter and was informed that Idaho law provides for the suspension of a driver's license for failure to pay a judgment only if the judgment relates to the ownership, maintenance, or use of a motor vehicle. I.C. § 49–111(1) (1994). The patient then wrote to the lawyer telling the lawyer that Legal Aid contacted DMV which advised Legal Aid that the lawyer could not have the patient's driver's·license suspended because the judgment was not the result of a motor vehicle accident.

After receiving the patient's letter, the lawyer sent another letter to the patient, restating that the patient's driver's license could be suspended if the patient did not pay the judgment. After writing the letter, the lawyer called DMV and found out that he was wrong. He did not contact the patient again about having his license suspended nor did he write back to the patient correcting his error.

The patient complained to the Idaho State Bar (ISB) about the lawyer's conduct. Bar counsel mailed a letter (the first letter) to the lawyer on April 24, 1993, requesting his response to the patient's allegation that the lawyer misstated the law. The first letter gave the lawyer twenty-one days to respond and informed him that failing to respond was a violation of Rule 505(e) of the Idaho Bar Commission Rules and could result in a sanction. The lawyer did not respond to the first letter. Bar counsel sent a second letter (the second letter) to the lawyer on September 22, 1993, reminding the lawyer of the earlier request for information and giving him seven days to respond. The second letter also informed the lawyer that he would be given no further time to respond and that his failure to respond could result in a sanction. The lawyer did not respond to the second letter. On November 2, 1993, bar counsel sent the lawyer a third letter (the third letter), in which bar counsel began by reminding the lawyer that he had already received two letters which imposed deadlines for response. Bar counsel also reminded the lawyer that he had been warned that failing to respond to the letters could result in a sanction. After noting that ISB had not received a response to the first two letters, bar counsel wrote:

Based upon the foregoing, you are hereby issued a PRIVATE REPRIMAND.

Imposition of the above sanction *does not* relieve you of your obligation to respond. This letter will, therefore, serve as notice that unless you respond in writing within seven (7) days of your receipt of this letter, you will be subject to further disciplinary sanction pursuant to *I.B.C.R.* 505(e).

The lawyer did not respond to the third letter. In response, ISB filed a formal complaint against the lawyer for (1) making a false statement of law and (2) failure to respond to a disciplinary inquiry. The lawyer denied both counts.

Section 49–1204(1) (1994) of the Idaho Code provides that "[u]pon receipt of a certified copy of a judgment [from the court clerk], the [DMV] . . . shall suspend . . . the

driver's license ... of any person against whom the judgment was rendered." Section 49–111(1) of the Idaho Code defines a "judgment" as a decree "upon a cause of action arising out of the ownership, maintenance or use of any motor vehicle, for damages, ...."

At his hearing before the committee appointed to consider the formal complaint (the hearing committee), the lawyer explained that he thought the legislature used the word "judgment" in I.C. § 49–1204(1) to refer to any judgment. Because he was surprised by this law, he looked all through chapter 12, title 49, Idaho Code, but did not find a definition of judgment. He never looked in chapter 1, title 49, Idaho Code, the definition chapter, to find that the judgment referred to in chapter 12 is limited as provided in I.C. § 49–111(1). Even after he received the letter from the patient informing him that DMV stated that it could not suspend the patient's license for failure to pay the judgment, the lawyer did not find the definition of a judgment in I.C. § 49–111(1).

The lawyer admitted to the hearing committee that he made a terrible mistake in not responding to the letters from bar counsel. He stated that he could not give any logical reason for failing to respond other than he assumed that once he received the private reprimand the matter was over. He admitted, however, that he knew that the third letter stated he was still obligated to respond.

The hearing committee found that the lawyer knowingly made a false statement of law, but it dismissed the complaint for lack of jurisdiction, concluding that ISB had resolved the issue by privately reprimanding the lawyer in the third letter. ISB objected to the hearing committee's decision.

## II.

### THE COURT MAY REVIEW A DISMISSAL BY THE HEARING COMMITTEE.

The lawyer asserts that the Court may not review the dismissal of the complaint by the hearing committee. We disagree.

Rule 511 of the Idaho Bar Commission Rules governs the procedures when bar counsel has filed formal charges pursuant to I.B.C.R. 509(c). Under I.B.C.R. 511($l$)(4), if after a formal proceeding the hearing committee recommends a public reprimand, either party may seek this Court's review of the recommendation. Under I.B.C.R. 511($l$)(5), if after a formal proceeding the hearing committee recommends a public censure, a suspension, or disbarment, then the professional conduct board clerk automatically transmits the recommendation to this Court and either party has the option of seeking this Court's review. I.B.C.R. 511(n), (o). Neither of these provisions includes the power for either party to seek review of a dismissal by a hearing committee after formal proceedings.

*Idaho State Bar v. Daw,* 128 Idaho 80, 910 P.2d 752 (1996) indicates the correct disposition of this issue. In *Daw,* ISB asked this Court to review a private reprimand imposed by a hearing committee, an action which is not included in I.B.C.R. 511 as a reviewable action. ISB sought review by this Court because it wanted a stiffer penalty. The Court explained that I.B.C.R. 511($l$)(4) and 511($l$)(5) do not allow for review when the hearing committee issues a private reprimand, but allowed ISB review pursuant to I.B.C.R. 509(c), which provides that "[e]ither the grievant or the defendant may request review" of a private reprimand imposed by bar counsel. 128 Idaho at 82, 910 P.2d at 754. The Court treated bar counsel as the "grievant" in *Daw,* because bar counsel effectively stepped into the shoes of the aggrieved individual or entity by filing a complaint to initiate formal proceedings following investigation of the lawyer's alleged misconduct. 128 Idaho at 83, 910 P.2d at 755.

In both *Daw* and in this case, the hearing committee, not bar counsel, disposed of the case. In both *Daw* and in this case, I.B.C.R. 511 does not allow for review of the hearing committee's disposition because the rule does not contain a provision for review by this Court when the hearing committee issues a private reprimand or when it dismisses the complaint. The hearing committee in *Daw*

issued a private reprimand, an action bar counsel may take pursuant to I.B.C.R. 509(a)(3). In *Daw,* the Court allowed bar counsel to seek review pursuant to I.B.C.R. 509(c)(9). In this case, the hearing committee dismissed the complaint, which is similar to an action bar counsel may take under I.B.C.R. 509(a)(1). Under this rule, bar counsel may disregard a matter as beyond the purview of the rules. When it dismissed the complaint, the hearing committee, in effect, disregarded the matter as beyond the purview of the rules. Therefore, applying *Daw* to this case, ISB may seek review of the dismissal of the complaint pursuant to I.B.C.R. 509(c)(9).

## III.

### THE PRIVATE REPRIMAND DID NOT DISPOSE OF THE COMPLAINT AGAINST THE LAWYER.

ISB asserts that the hearing committee incorrectly dismissed ISB's complaint. We agree.

When ISB receives a complaint about a lawyer's misconduct, I.B.C.R. 509(a) directs that bar counsel conduct an investigation. In conducting this investigation, bar counsel may:

(1) Disregard the matter as unfounded, frivolous or beyond the purview of these Rules and discontinue the investigation and proceedings concerning the matter; *or*

(2) Issue an informal admonition to defendant; *or*

(3) Issue a private reprimand to defendant; *or*

(4) Impose probation as provided by Rule 506(c) *either as an independent sanction or in conjunction with actions taken under subsection 2 or 3 above; or*

(5) Impose restitution as provided by Rule 506(h), *either as an independent sanction or in conjunction with actions taken under subsection 2, 3 or 4 above; or*

(6) File formal charges, with concurrence of the Board of Commissioners; *or*

(7) Seek, in appropriate circumstances, transfer to disability inactive status under Rule 516.

I.B.C.R. 509(a) (emphasis added). This rule requires bar counsel to choose only one course of action among the options in subsections 1, 2, 3, 6 and 7. Bar counsel may also choose to take the courses of action in subsections 4 or 5 as independent sanctions or in addition to other courses of action.

The hearing committee interpreted the third letter as imposing a private reprimand for both the misrepresentation claim and for the failure to respond, thus exhausting bar counsel's options under I.B.C.R. 509. It also concluded that I.B.C.R. 505(e) does not grant bar counsel the power to take separate actions under I.B.C.R. 509 when there are separate acts of misconduct including a failure to respond.

■ We interpret the third letter as imposing a private reprimand only for the lawyer's past failures to respond, and not for knowingly making a false statement of the law. As we read the third letter, it also advised the lawyer that he was still obligated to respond. When bar counsel issued a private reprimand for the first two failures to respond, this did not prevent bar counsel from seeking a further disciplinary sanction for the third failure to respond or for the alleged misstatement of the law.

■ The hearing committee also concluded that I.B.C.R. 505(e) [Failure to Respond to Disciplinary Authorities] does not allow bar counsel to multiply violations by sending multiple letters. The hearing committee interpreted I.B.C.R. 505(e) to mean that once a lawyer fails to respond to an inquiry from bar counsel, each of the lawyer's alleged violations combine into one unit. We interpret I.B.C.R. 505(e) to allow each of a lawyer's failures to respond to be addressed independently under I.B.C.R. 509(a). This means that the lawyer may be sanctioned for failing to respond to the third letter, even though he has already received a private reprimand for failing to respond to the first and second letters.

We conclude that in the formal proceeding now before us there are two separate acts by

the lawyer that we may consider for the imposition of disciplinary sanctions. First, the hearing committee found that the lawyer knowingly made a false statement of law to a third person. If there is sufficient evidence to uphold this finding, it is a violation of Rule 4.1(a) of the Idaho Rules of Professional Conduct, and therefore a violation of I.B.C.R. 505(a), which states that violations of the rules of professional conduct are misconduct and grounds for sanctions. Second, the lawyer failed to respond to a request from bar counsel contained in the third letter. I.B.C.R. 505(e) states that failing to respond to bar counsel's inquiry is misconduct and grounds for disciplinary sanctions.

## IV.

### THERE IS CLEAR AND CONVINCING EVIDENCE THAT THE LAWYER KNOWINGLY MADE A FALSE STATEMENT OF LAW.

The lawyer asserts that the hearing committee's finding that the lawyer knowingly made a false statement of law is not supported by clear and convincing evidence. We disagree.

The hearing committee found that the lawyer knowingly made a false statement of law when he told the patient that the patient's driver's license would be suspended if he failed to pay the judgment. It concluded that this action violated I.R.P.C. 4.1(a) [Truthfulness in Statements to Others] which provides that in "the course of representing a client a lawyer shall not knowingly . . . make a false statement of material fact or law to a third person. . . ."

■ When a hearing committee's decision on a formal proceeding is appealed to this Court, we are "required to make our own independent review of the record to determine whether the evidence supports the findings." *Matter of Jenkins*, 120 Idaho 379, 383, 816 P.2d 335, 339 (1991). The hearing committee's recommendations and findings, however, are given great weight. *Id.* The burden of proof in formal proceedings is "clear and undoubted preponderance of the evidence," which is synonymous with " 'clear and convincing evidence.' " *Id.* at 382–83,

816 P.2d at 338–39 (quoting *In re Campbell*, 95 Idaho 87, 89, 502 P.2d 1100, 1102 (1972)). " '[T]he burden is on the respondent attorney to show that the findings are not supported by the evidence.' " *Id.* at 383, 816 P.2d at 339.

■ The terminology section of the Idaho Rules of Professional Conduct provides that " '[k]nowingly' . . . denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances." The lawyer argues that because he never checked chapter 1 of title 49, entitled "Definitions," he did not know that the word "judgment" as used in I.C. § 49–1204(1) was limited to a decree for damages arising out of the ownership, maintenance, or use of a motor vehicle.

The patient's letter to the lawyer informed the lawyer that Legal Aid contacted DMV and DMV informed Legal Aid that the lawyer could not have the patient's drivers license suspended. This put the lawyer on notice that at least one other lawyer as well as DMV thought his statement was false. The lawyer should have done more research before he wrote the second letter to the patient reasserting his earlier misstatement of the law. The lawyer's knowledge can be inferred from this circumstance and thus fits the definition of knowingly. There is clear and convincing evidence to support the hearing committee's finding that the lawyer knowingly made a misstatement of law.

## V.

### PUBLIC CENSURE IMPOSED

ISB requests this Court to impose a public censure as the disciplinary sanction for the lawyer's knowingly making a false statement of law and for failing to respond to the third letter. After considering the lawyer's violations and the circumstances in which they occurred, we agree that this is the appropriate sanction.

## VI.

### CONCLUSION

We reverse the hearing committee's dismissal of the formal complaint.

We impose a public censure on the lawyer. Pursuant to I.B.C.R. 506(d), this public censure shall be published in (1) The Advocate, the official ISB publication, (2) The Idaho State Journal, a newspaper of general circulation in the Sixth Judicial District where the lawyer maintains his principal business, and (3) the Idaho Reports.

We award costs related to the entire disciplinary proceeding to ISB.

McDEVITT, C.J., and TROUT, SILAK, and SCHROEDER, JJ., concur.