**Paul W. GOWIN and Louise A. Gowin, Appellants,**

v.

**Leroy ALTMILLER, Harry Capaul, Carl Finke, Gerald Finke and Finke Lumber Company, Inc., Appellees.**

No. 78–2744.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 5, 1980.

Decided March 23, 1981.

F. G. Fancher, Spokane, Wash., argued for appellants; Leslie T. McCarthy, Lewiston, Idaho, on brief.

William J. Russell, Boise, Idaho, argued for appellees; William A. Stellmon, Lewiston, Idaho, on brief.

Before ALARCON and CANBY, Circuit Judges, and HOFFMAN,* Senior District Judge.

CANBY, Circuit Judge.

Appellants Paul and Louise Gowin sued appellees for violation of 42 U.S.C. § 1983 and appellees Carl and Gerald Finke and Finke Lumber Co. for malicious prosecution and abuse of process. The district court granted summary judgment in favor of the Finkes on all three causes of action, and dismissed the § 1983 claim against Leroy Altmiller and Harry Capaul. *Gowin v. Altmiller*, 455 F.Supp. 743 (D.Idaho 1978). The Gowins appealed. We affirm.

Paul Gowin was employed by Finke Lumber Co., as a mechanic. A wage dispute arose in July 1974. On July 16, 1974, Gowin quit his job, and wrote a letter to the Finkes to state that he was keeping some of their tools until they could resolve the wage dispute. The tools were rightfully in Gowin's possession at the time.

The Finkes took the letter to Sheriff Altmiller, who took it to the county prosecutor. The prosecutor decided to file a criminal complaint for embezzlement against Gowin. Sheriff Altmiller signed the complaint. On July 18, 1974, Deputy Sheriff Capaul arrested Gowin. In December, he was tried and convicted by a jury. He was sentenced to three years in prison. On September 24, 1976, the Supreme Court of Idaho reversed the conviction, stating that the prosecution had failed to prove the necessary fraudulent intent to convict Gowin of embezzlement. On August 29, 1977, the Gowins filed this suit in district court.

* The Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

*Section 1983 Claims*

■ The district court ruled that the Gowins' civil rights claims were barred by the statute of limitations. We agree. Section 1983 itself contains no statute of limitations. We must look to state law for the applicable limitations period. *Clark v. Musick*, 623 F.2d 89, 90 (9th Cir. 1980); *Mason v. Schaub*, 564 F.2d 308, 309 (9th Cir. 1977). Liability for a civil rights violation is created by federal statute. Therefore, the claims are governed by Idaho Code § 5–218, which provides a three-year statute of limitations for "an action upon a liability created by statute." *Clark v. Musick*, 623 F.2d at 92.

■■ Federal law, however, determines when the limitations period begins to run. *Briley v. California*, 564 F.2d 849, 855 (9th Cir. 1977); *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). In this case, the last act complained of by the Gowins occurred in July 1974, when the complaint was filed and the arrest occurred. Therefore, the cause of action arose at that time. *Strung v. Anderson*, 452 F.2d 632, 633 (9th Cir. 1971). Because the Gowins filed this suit in August 1977, their claim under § 1983 is barred by the statute of limitations.

The Gowins argue that their claim did not arise until Mr. Gowin's conviction was reversed, because they could not have discovered the violation until then. The argument is unsound. The § 1983 violation is unaffected by the proceedings in state court. *Strung v. Anderson*, 451 F.2d at 633.

■ The Gowins also argue that Mr. Gowin's imprisonment should toll the statute of limitations. The applicable statute is Idaho Code § 5–230, which provides in pertinent part:

[I]f a person entitled to bring an action, . . . be, *at the time the cause of action accrued*, either: . . .

3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; the time of such disability is not a part of the time limited for the commencement of the action.... (emphasis supplied).

The cause of action in this case arose at least by July 18, 1974, when Mr. Gowin was arrested. The incarceration associated with that arrest terminated the following day when Mr. Gowin was released on his own recognizance. His subsequent imprisonment after the trial of December 30–31, 1974, consequently began after the cause of action had accrued.

While there seem to be no Idaho cases dealing with the issue, authority from other states is apparently unanimous that such a statutory provision does not toll limitations for causes of action already in existence when the imprisonment began. *Williams v. Coughlan*, 244 F.2d 6 (9th Cir. 1957) (applying Alaska law); Annot., 77 A.L.R.3d 735, 752 (1977).[1] In the face of that authority and the words of the statute we cannot conclude that the Idaho rule would be to the contrary. Nor has any showing been made that Mr. Gowin's imprisonment legally disabled him from bringing suit during his incarceration.

### Malicious Prosecution Claim

The district court ruled in the Finkes' favor on the malicious prosecution claim for two reasons: The Gowins failed to prove that the prosecutor lacked probable cause for the criminal charge, and in any event, the Finkes were shielded by the prosecutor's independent decision to prosecute. The district court was right on both counts.

■ In Idaho, lack of probable cause is an essential element in an action for malicious prosecution. *Robinson v. White*, 90 Idaho 548, 414 P.2d 666 (1966); *Howard v. Felton*, 85 Idaho 286, 379 P.2d 414, 416 (1963). The district court ruled that the

jury verdict, which necessarily included a finding of guilt beyond a reasonable doubt, conclusively established the existence of probable cause. Restatement (Second) of Torts § 667. We think such a finding was correct, but we need not rely upon it exclusively, for the independent decision of the prosecutor to proceed with the criminal charge against Gowin shields the Finkes from liability for malicious prosecution. The Idaho Supreme Court has ruled that advice of counsel is a complete defense to an action for malicious prosecution, when the prosecution is instituted in reliance on such advice, given after full disclosure of the facts to the attorney. *Allen v. Moyle*, 84 Idaho 18, 24, 367 P.2d 579, 583 (1961); *Robinson v. White, supra*. In this case, the record, limited as it is, clearly shows that the Finkes' part in this case was limited to bringing the letter to the sheriff, who in turn took it to the prosecutor. On the basis of the letter, the prosecutor filed a criminal complaint. Under such circumstances, the Finkes are not liable for malicious prosecution. With respect to them, at least, the independent decision of the disinterested prosecutor amounts to a finding of probable cause. *Howard v. Felton, supra*.

### Abuse of Process Claim

■ The district court ruled that Gowins' abuse of process claim was barred by the statute of limitations. The court held that the applicable statute of limitations was Idaho Code § 5–219. That section provides for a two-year limitations period for "an action to recover damages ... for an injury to the person," and for "an action for libel, slander, assault, battery, false imprisonment or seduction." We think the proper statute is Idaho Code § 5–224, which sets a four-year limitations period for actions not specifically covered by other statutes. The Idaho Supreme Court has consistently applied § 5–224 to malicious prosecution actions. *Myers v. City of Pocatello*, 98 Idaho

---

1. *Horn v. Bailie*, 309 F.2d 167 (9th Cir. 1962), is not to the contrary. That case appears to have involved a claim that arose during imprisonment, and the only issue dealt with was whether the plaintiff was imprisoned "on a criminal charge" (which would toll the statute) or was under a life sentence (which would not).

168, 559 P.2d 1136 (1977); *Barton v. Woodward*, 32 Idaho 375, 182 P. 916 (1919). Because of the similarity of the causes of action, we think the Idaho court would also apply § 5–224 to abuse of process claims. Therefore, the Gowins' claim for abuse of process is not barred by the statute of limitations. The acts complained of occurred in July 1974, and the Gowins sued in August 1977, well within the four-year period.

■■■ The Gowins' claim, however, must still fail. We agree with the district court that the Gowins have not produced evidence of conduct by the Finkes which amounts to an abuse of process. The elements of abuse of process are an improper purpose and a willful act in the use of legal process which is not proper in the regular conduct of the proceeding. *Templeton Feed & Grain v. Ralston Purina Co.* 69 Cal.2d 461, 446 P.2d 152, 72 Cal.Rptr. 344 (1968); Restatement (Second) of Torts § 682. We see no evidence of either an improper purpose or an improper act which can be attributed to the Finkes. The Finkes complained to the sheriff, and later testified during Mr. Gowin's trial, but that was the extent of their conduct. There is no evidence to indicate that the Finkes filed the criminal charges to force Mr. Gowin to return the tools. In fact, the evidence clearly supports the conclusion that they went to the prosecutor because they thought a crime had been committed. Under those facts, there was no abuse of process.

AFFIRMED.