715 P.2d 978

Carl B. HENDERSON,
Plaintiff-Appellant,

v.

STATE of Idaho, State Hospital South, Department of Health and Welfare, Dean R. Ackley, Richard B. Bolton, Paul S. Boyd, Richard M. Chastaine, J. Ray Cox, John W. Harris, Emily McDermott, Dwight J. Petersen, K. Randall Smith, Richard W. Thomas, Defendants-Respondents.

No. 15853.

Supreme Court of Idaho.

Feb. 27, 1986.

Carl B. Henderson, Boise, pro se.

Jim Jones, Atty. Gen., and Steven M. Parry, for defendants-respondents.

HUNTLEY, Justice.

This proceeding arises out of the dismissal of Carl B. Henderson, a former employee of State Hospital South. Henderson held the title of "Psychologist III," and was a classified state employee. He began working at State Hospital South on October 1, 1970, and after almost five years of service, was terminated on April 14, 1975. After a series of hearings, Henderson was reinstated by the former Director of Health and Welfare, James Bax. He was again discharged on May 27, 1977. Henderson claims that prior to his final discharge, he was ordered to treat untreatable patients, harassed, and ordered to perform duties beyond the scope of his expertise. Henderson claims that this pressure and stress in his work environment led to numerous medical difficulties, including two right eye hemorrhages, hypertension, bowel and urination problems, rosecea, hypersensitivity to heat, depression and anxiety, and posture hypotension. Henderson also states that these injuries necessitated that he begin a special diet.

At Henderson's request, the Department of Health and Welfare conducted three hearings into Henderson's discharge, in Oc-

tober 1977, December 1977, and in March 1978, finally upholding Henderson's discharge. Henderson then appealed to the State Personnel Commission. The commission conducted hearings in August 1978, November 1979 and February 1980 and rendered a decision affirming Henderson's termination on August 14, 1981. Henderson failed to appeal this decision to the district court "due to lack of funds."

Henderson next filed a Worker's Compensation claim with the Idaho State Industrial Commission for his alleged work-related physical complaints on May 17, 1983. Henderson withdrew that claim on November 9, 1984.

On September 7, 1984, Henderson filed the complaint, which is the subject of this appeal, in district court. His claims are against State Hospital South, the Department of Health and Welfare, the State of Idaho and various state employees for damages for injuries suffered by and during his employment, for wrongful discharge and for violation of his civil rights under 42 U.S.C. § 1983. Henderson appeals the district court's order dismissing all three claims. We affirm and discuss each issue in turn.

### I. *The Worker's Compensation Claim*

On November 9, 1984, Henderson withdrew from consideration his worker's compensation claim filed on May 17, 1983.

██ Idaho Code sections 72–201 (1983–84) and 72–211 (1983–84) vest exclusive jurisdiction over claims for injuries arising out of and in the course of employment in the Idaho State Industrial Commission. I.C. § 72–201 (1983–84) provides in pertinent part:

> The common law system governing the remedy of workmen against employers for injuries received and occupational diseases contracted in industrial and public work is inconsistent with modern industrial conditions.... The State of Idaho, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain

relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault and *to the exclusion of every other remedy*, proceeding or compensation, except as is otherwise provided in this act, and to that end *all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished,* except as is in this law provided. [Emphasis added.]

I.C. § 72–211 (1983–84) provides:

> Subject to the provisions of section 72–223, the rights and remedies herein granted to an employee on account of an injury or occupational disease for which he is entitled to compensation under this law *shall exclude all other rights and remedies of the employee, his personal representatives, dependents or next-of-kin, at common law or otherwise, on account of such injury or disease.* [Emphasis added].

Accordingly, the district court properly dismissed Henderson's claim for damages allegedly induced by and during his employment.

### II. *The Wrongful Discharge Claim*

Title 67, chapter 53 of the Idaho Code outlines the procedures required of classified state employees seeking to pursue claims of wrongful discharge. I.C. § 67–5316 (1981) provides in pertinent part:

> **67–5316. Procedure before the Idaho personnel commission.**—(a) Any classified employee who is discharged, demoted or suspended after completing his probationary period of service, may, within thirty (30) days after such discharge, demotion, or suspension, appeal to the commission for review thereof.... Such hearings shall be conducted in accordance with the procedure established by rules adopted pursuant to chapter 52, title 67, Idaho Code.
>
> ....
>
> (k) *A decision and order of the commission shall be final and conclusive between the parties, unless within thirty*

*(30) days of the filing of such decision, either party appeals to the district court.* Where the decision and order of the commission directed the reinstatement of an employee, the employee shall be reinstated upon receipt of a copy of the decision and order unless a stay of the order be granted by the district court upon proper petition. [Emphasis added.]

In *Swisher v. State Department of Environment and Community Services,* 98 Idaho 565, 569 P.2d 910 (1977), we held the appellate procedures outlined in title 67, chapter 53 of the Idaho Code, and not the provisions of the Administrative Procedures Act, are the exclusive remedy for classified state employees asserting wrongful discharge. *Swisher,* 98 Idaho at 569-70, 569 P.2d at 914-15.

■ In the instant case, Henderson both instituted grievance procedures before the Department of Health and Welfare and appealed his discharge to the Idaho Personnel Commission, as required by I.C. § 67-5316(a) (1978-81). Once the Idaho Personnel Commission rendered a final decision, as they did on August 14, 1981, Henderson had exhausted his administrative remedies. However, Henderson did not appeal the decision of the personnel commission to the district court within thirty days, as mandated by I.C. § 67-5316(k) (1981), "due to lack of funds."

It is well settled that the doctrine of *res judicata* will serve as a bar to relitigating claims which have already been litigated between the parties in a previous adversary proceeding. *Shea v. Bader,* 102 Idaho 697, 699, 638 P.2d 894, 896 (1981) (employer's claim barred by principles of *res judicata* and collateral estoppel where issue had already been litigated before, and a decision reached by, the industrial commission and where employer failed to either appeal in timely manner or allege fraud, as required by I.C. § 72-718).

I.C. § 67-5316(k) (1981) is clear. Henderson had thirty days to appeal the decision of the personnel commission. He did not do so. As a result, the decision of the personnel commission became final on September 13, 1981, and the doctrine of *res judicata* applies to bar his claim for wrongful discharge.[1]

III. *The 42 U.S.C. § 1983 Claim*

Finally, Henderson asserts that the personnel commission's delay and alleged arbitrariness in reaching a decision regarding his termination deprived him of due process and equal protection of the law for which violations he filed a civil rights claim pursuant to 42 U.S.C. § 1983 (1981).

Regardless of the tenuous substantive nature of Henderson's claim, given Henderson's own delay and failure to appeal the decision of the personnel commission, his claim is barred by the applicable statute of limitations.

Our ruling is grounded in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The *Wilson* court reiterated the general rule that "[t]he characterization of § 1983 for statute of limitations purposes is derived from the elements of the cause of action, and Congress' purpose in providing it. These, of course, are matters of federal law.... Only the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." *Wilson,* 105 S.Ct. at 1943.

The *Wilson* court then went on to hold that the federal interest in uniformity, certainty and in preventing state discrimination against federal civil rights claims required that a standard characterization of all 42 U.S.C. § 1983 claims as personal injury actions be made.

[A] simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose. The experience of the courts that have predicated their choice of the correct statute of limitations on an

---

1. It should be noted that the record is painfully sparse regarding the facts used by the personnel commission in reaching its decision. Indeed, the commission's decision stated only that it did not deem it "proper or expedient" to discuss the facts or issues, other than to state that "they have been considered ... and found to lack sufficient merit to justify a reversal."

analysis of the particular facts of each claim demonstrates that their approach inevitably breeds uncertainty and time-consuming litigation that is foreign to the central purpose of § 1983. *Wilson,* 105 S.Ct. at 1945.

"After exhaustively reviewing the different ways that § 1983 claims have been characterized in every Federal Circuit, the Court of Appeals [for the Tenth Circuit] concluded that the tort action for the recovery of damages for personal injuries is the best alternative available. We agree...." *Wilson,* 105 S.Ct. at 1947. "It is most unlikely that the period of limitations applicable to [general personal injury] claims ever was, or ever would be, fixed in a way that would discriminate against federal claims, or be inconsistent with federal law in any respect." *Wilson,* 105 S.Ct. at 1949.

Previously, the three-year statute of limitations for statutory actions [2] was held to be the applicable statute of limitations for § 1983 actions instituted in Idaho. *Gowin v. Altmiller,* 663 F.2d 820, 822 (9th Cir. 1981). The court in *Wilson* expressly rejected that rationale, stating that "The relative scarcity of statutory claims when § 1983 was enacted makes it unlikely that Congress would have intended to apply the catchall periods of limitations for statutory claims that were later enacted by many states." *Wilson,* 105 S.Ct. at 1948.

Furthermore, the *Wilson* court also rejected the rationale put forward by respondents in the instant case, namely that the period of limitations found in I.C. § 6–911 of the Idaho Tort Claims Act applies.

[W]e are satisfied that Congress would not have characterized § 1983 as providing a cause of action analogous to state remedies for wrongs committed by public officials. It was the very ineffectiveness of state remedies that led Congress to enact the Civil Rights Acts in the first place.

*Wilson,* 105 S.Ct. at 1949.

■ In view of the holding in *Wilson,* 42 U.S.C. § 1983 actions in Idaho must now meet the two-year Idaho statute of limitations for personal injury actions, I.C. § 5–219(4). That section provides in relevant part:

**5–219. Actions against officers, for penalties, on bonds, and for professional malpractice or for personal injuries.** —Within two (2) years:

....

4. An action to recover damages ... for an injury to the person....

In applying the statute of limitations to the case at bar, we note that federal law determines the "last act" for purposes of tolling a state's statute of limitations. *Briley v. State of California,* 564 F.2d 849, 855 (9th Cir.1977). The generally accepted rule for ascertaining the "last act" is provided in *Cox v. Stanton,* 529 F.2d 47, 50 (1975):

Federal law holds that the time of accrual [of a civil rights claim] is when plaintiff knows or has reason to know of the injury which is the basis of the action.

■ The record indicates that, at the very least, Henderson knew or reasonably should have known of the alleged delay and arbitrariness of the personnel commission, the bases of his § 1983 claim, by the time the commission finished acting. Therefore, August 14, 1981, the day on which the commission rendered its decision regarding Henderson, was the "last act" for purposes of tolling the statute of limitations. Since Henderson failed to file his § 1983 claim within two years of that date, as required by I.C. § 5–219(4), it is barred. (His filing on September 7, 1984 was even outside the three-year period.)

For the foregoing reasons, the judgment below is affirmed. Costs to respondent. No attorney fees awarded.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.

---

**2.** I.C. § 5–218, provides in pertinent part:

**5–218. Statutory liabilities, trespass, trover, replevin, and fraud.**—Within three (3) years:

1. An action upon a liability created by statute....