919 P.2d 323

**In the Matter of William J. Tway, Attorney at Law.**

**IDAHO STATE BAR, Plaintiff–Respondent,**

v.

**William J. TWAY, Defendant–Petitioner.**

**No. 21691.**

Supreme Court of Idaho, Boise, January 1996 Term.

June 18, 1996.

William J. Tway, Boise, pro se.

Michael J. Oths, Boise, for respondent.

SCHROEDER, Justice.

This is an attorney discipline case. A hearing committee of the Professional Conduct Board (Hearing Committee) has recommended that William J. Tway be disbarred for professional misconduct. Tway objects to the Hearing Committee's Findings of Fact, Conclusions of Law, and Recommendation for Discipline. This Court reviews the matter pursuant to Rule 511(*o*) of the Idaho Bar Commission Rules (I.B.C.R.).

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

The charges of professional misconduct stem from Tway's representation of Leland Shipley who contacted Tway to represent him in a possible police brutality action against the Boise Police Department in August of 1989. Tway informed Shipley that he would be interested in taking the case if a police brutality expert determined that the case was valid. Tway then told Shipley he would have to pay a $2,500.00 cost advance, which would include the funds necessary to retain the expert.

Shipley's $2,500.00 cost advance was deposited on August 10, 1989, into a client trust account managed by Tway and his former partner. On August 11 and August 15, 1989, Tway wrote two checks from the trust account which brought the balance below the amount which should have been in trust for Shipley. Neither of the checks pertained to Shipley's case. In late August of 1989 Tway's partner contacted a police brutality expert on Shipley's behalf and subsequently paid the expert a $500.00 retainer fee. The fee was not paid from the client trust account.

Tway and his former partner dissolved their partnership as of January 1, 1990. Although Tway's former partner was present during Shipley's initial meeting with Tway and contacted the expert on Shipley's behalf, Shipley considered Tway to be his lawyer. When the partnership dissolved, Shipley's case was retained by Tway. After the dissolution of the partnership, the balance of Tway's client trust account was consistently below the amount which should have been in trust for Shipley alone. In the spring of 1991 Tway asked Shipley for permission to transfer the balance of his funds to Nevada where they would make more interest. Shipley agreed, provided the funds would be safe.

On August 29, 1989, Tway filed a Notice of Tort Claim with the City of Boise on Shipley's behalf, and on September 13, 1989, he forwarded copies of Shipley's medical reports to the City's insurance carrier. Tway took no other action in furtherance of Shipley's

claim until March of 1992, although Shipley made telephone calls and visits to Tway inquiring about the status of the case during this time. Representatives of St. Alphonsus Regional Medical Center, which had an agreement for payment of its medical bills from Shipley and Tway, also, made numerous telephone calls to Tway regarding the status of Shipley's case. The Hearing Committee found that in the interim between August 29, 1989 and March of 1992, Tway repeatedly assured Shipley that the case was "progressing," despite the fact that Tway had not taken further steps to advance Shipley's claim.

On March 25, 1992, Tway filed a claim in district court on behalf of Shipley. Counsel for the city sent Tway a letter stating that it was her belief that the claim was governed by a two year statute of limitations and was barred. The letter enclosed a copy of *Henderson v. State*, 110 Idaho 308, 715 P.2d 978, *cert. denied*, 477 U.S. 907, 106 S.Ct. 3282, 91 L.Ed.2d 571 (1986), in which this Court held that the two-year statute of limitations contained in section 5–219(4) of the Idaho Code applied to claims filed pursuant to 42 U.S.C.A. § 1983. *Henderson*, 110 Idaho at 311, 715 P.2d at 981. Tway agreed to dismiss the complaint if the legal authority was correct.

Other than reviewing the annotations under section 5–218 of the Idaho Code, Tway had not consulted any of the Section 1983 treatises which he had in his office and had not Shepardized the cases he relied on regarding the statute of limitations before filing the claim. After learning from opposing counsel that the claim was governed by a two-year rather than a three-year statute of limitations, the record does not reveal whether Tway conducted any further research regarding the issue. The case was dismissed for inaction in January of 1993.

In late June or early July of 1992, prior to dismissal of the action, Shipley and his wife went to Tway's office to confront him regarding the status of the case. The Shipleys were concerned because another attorney had indicated to Shipley that the statute of limitations may have expired. Tway told the Shipleys not to worry, because there was a three-year statute of limitations. Shipley also inquired as to where his trust deposit was located. Tway declined to tell Shipley where his money was, stating that he (Shipley) didn't want to know where it was, because he would not approve of what was being done with it.

On or about August 20, 1992, Tway contacted Shipley and asked him to meet him so that he could return the trust account funds. Tway gave Shipley a check refunding the $2,500.00 deposit, minus the $500.00 fee for the expert, $53.00 for a filing fee, and $45.00 for process service, plus $289.00 in interest. The check was drawn on an unidentified woman's account, not Tway's trust account.

On July 20, 1993, the Idaho State Bar (Bar) filed a complaint with the Board of Professional Conduct alleging that Tway committed three (3) counts of professional misconduct and requesting that Tway be disbarred. Count I alleges that Tway violated I.R.P.C. 1.3[1] by failing to file a claim on his client's behalf until nearly one year past the expiration of the applicable statute of limitations. Count II alleges that Tway violated I.R.P.C. 1.4[2] and I.R.P.C. 8.4(c)[3] by repeatedly reassuring his client regarding the status of his case despite the fact that no claim had been formally filed, which reassurance allegedly continued past the time when Tway learned that the applicable statute of limitations had expired. Count III alleges

---

1. **I.R.P.C. Rule 1.3—Diligence**

   A lawyer shall act with reasonable diligence and promptness in representing a client.

2. **I.R.P.C. Rule 1.4—Communication**

   (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

   (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

3. **I.R.P.C. Rule 8.4(c)—Misconduct**
   It is professional misconduct for a lawyer to:
   . . . .
   (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
   . . . .

that Tway also violated I.R.P.C. 1.15[4] and I.R.P.C. 8.4(c) when the balance of Tway's client trust account fell below the minimum necessary to cover the unused balance of his client's $2,500 trust deposit six days after the fee was deposited in the account.

Tway denied the material allegations of the complaint and requested that the complaint be dismissed.

The Hearing Committee heard the evidence and concluded that Tway: (1) violated I.R.P.C. 1.3 in that he failed to act with reasonable diligence and promptness in representing his client by failing to timely file the complaint; he failed to move the case forward with reasonable promptness; and, he failed to undertake minimal research which would have disclosed the applicable statute of limitations based on then-existing Idaho and federal case law; (2) violated I.R.P.C. 1.4 by failing to keep his client reasonably informed regarding the status of his case and failing to promptly comply with reasonable requests for information; (3) violated I.R.P.C. 8.4(c) by misrepresenting the status of his client's case to his client; (4) violated I.R.P.C. 1.15 by failing to maintain his client's retainer fee in a separate account in the state of Idaho, commingling those trust funds with other property, failing to promptly deliver the funds upon his client's request, failing to promptly render a full accounting regarding the trust funds, and misappropriating those funds by allowing the balance of his client trust fund to drop below the amount of the $2,500.00 retainer fee paid by his client and deposited in the account for safekeeping; and (5) violated I.R.P.C. 8.4(c) by not giving Shipley information regarding his funds when requested and by telling Shipley the funds were in a safe place when they were not so deposited.

The Hearing Committee recommended that Tway be disbarred from the practice of law in Idaho, basing the recommendation on the fact that Tway was already under sus-

pension for similar misconduct, that some of the acts charged in this case occurred while he was being prosecuted in the first disciplinary case, that he refused to acknowledge the wrongful nature of his conduct, that he demonstrated indifference toward making restitution to previous misappropriation victims, and that he lied during a deposition taken in the course of the earlier prosecution which deceit concealed the fact of the present misappropriation.

Tway objects to the Hearing Committee's findings and recommendation for discipline.

## II.

## STANDARD OF REVIEW

In an attorney discipline case, the Idaho State Bar must establish charges of misconduct by clear and convincing evidence. *Idaho State Bar v. Daw,* 128 Idaho 80, 82, 910 P.2d 752, 754 (1996). When an attorney discipline action is appealed to this Court, this Court makes an independent review of the record to determine whether the evidence supports the findings and recommendations. *Id.* The findings of the Hearing Committee are entitled to great weight, however, and the burden is on the attorney petitioner to show that the findings are not supported by the evidence. *Idaho State Bar v. Williams,* 126 Idaho 839, 843, 893 P.2d 202, 206 (1995).

## III.

## THERE IS CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE HEARING COMMITTEE'S FINDING THAT TWAY'S FAILURE TO TIMELY FILE A CLAIM ON HIS CLIENT'S BEHALF WAS A VIOLATION OF I.R.P.C. 1.3.

Tway argues that the Hearing Committee erred in finding that he neglected Shipley's case from the beginning, because

---

4. **I.R.P.C. Rule 1.15—Safekeeping Property**

   (a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state of Idaho. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

the Bar's complaint did not allege that he neglected the case. Count I of the complaint alleges that he violated I.R.P.C. 1.3 by failing to timely file a claim on Shipley's behalf. Tway relies upon *M.K. Transp. v. Grover*, 101 Idaho 345, 349, 612 P.2d 1192, 1196 (1980), for the rule that a tribunal's authority to decide a case based upon unpleaded issues is limited to such unpleaded issues as have been tried by the express or implied consent of the parties. *See* I.R.P.C. 15(b). However, the issue of neglect was tried by the implied consent of the parties. Tway testified at length that his decision not to file Shipley's claim until the last possible moment was the result of a conscious strategy to allow Shipley's injuries to "ripen." Further, the issue of neglect is inherent in any charged violation of I.R.P.C. 1.3. The rule itself is entitled "Diligence" and requires attorneys to "act with reasonable diligence and promptness in representing a client." I.R.P.C. 1.3. To neglect a client's case is to fail to act with reasonable diligence and promptness.

■ Tway argues that his failure to timely file Shipley's claim was based on his reasonable reliance on a case annotation to section 5–218 of the Idaho Code which appeared in a 1990 edition of the code. That case, *Gowin v. Altmiller*, 663 F.2d 820 (9th Cir.1981), held that a civil rights action filed pursuant to 42 U.S.C. § 1983 is subject to a three-year statute of limitations. However, in *Henderson v. State*, 110 Idaho at 311, 715 P.2d at 981, this Court expressly noted that the reasoning of *Gowin* was rejected by the United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and held that actions filed pursuant to 42 U.S.C. § 1983 in Idaho are subject to the two-year statute of limitations for personal injury actions found in section 5–219 of the Idaho Code. As the Hearing Committee appropriately noted, minimal additional research by Tway would have disclosed that Shipley's claim was subject to a two-year statute of limitations. His reliance on a single case, without assuring the accuracy of the case, was not reasonable.

The Hearing Committee's finding that Tway failed to pursue Shipley's claim with reasonable diligence and promptness is based

on clear and convincing evidence and will not be disturbed on appeal.

## IV.

## THE ADMISSIBILITY OF SAINT ALPHONSUS REGIONAL MEDICAL CENTER'S TELEPHONE RECORDS NEED NOT BE ADDRESSED.

Tway argues that the Hearing Committee erred in admitting as evidence memoranda of telephone conversations between Tway and billing department personnel from Saint Alphonsus Regional Medical Center regarding the status of Shipley's case. Tway maintains that the memoranda are hearsay which do not fall within the business records exception to Rule 802 of the Idaho Rules of Evidence. We do not address the issue, however, since there is sufficient clear and convincing evidence in the record to support the Hearing Committee's finding that Tway violated I.R.P.C. 1.3 by failing to diligently pursue his client's case.

## V.

## THERE IS CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE HEARING COMMITTEE'S FINDING THAT TWAY WAS DISHONEST IN HIS COMMUNICATIONS WITH HIS CLIENT.

"A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." I.R.P.C. 1.4(a). It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation. I.R.P.C. 8.4(c).

■ Tway argues that his statement to Shipley that the case was "progressing satisfactorily" is a subjective comment devoid of any specific legal meaning and not a misrepresentation as to the true status of Shipley's case. This argument is without merit. Tway took no action in furtherance of Shipley's claim from September of 1989 until March of 1992 when he filed the claim. No progress occurred during that time—satis-

factory or otherwise. Representations to the contrary were dishonest.

Tway also argues that Shipley's disputed testimony does not constitute clear and convincing evidence of dishonesty. The Hearing Committee resolved this credibility issue in favor of Shipley's account of the facts. The finding that Tway was dishonest in his communications with his client is supported by the evidence in the record.

## VI.

## THERE IS CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE HEARING COMMITTEE'S FINDING THAT TWAY VIOLATED I.R.P.C. 1.15.

I.R.P.C. 1.15, Safekeeping of Property, requires Idaho attorneys to hold funds of their clients which are in their possession in connection with case representation in a separate account maintained in the state of Idaho. I.R.P.C. 1.15(a). Failure to safekeep a client's funds is a violation of I.R.P.C. 1.15(a). Failure to maintain the funds in an Idaho account is likewise a violation of I.R.P.C. 1.15(a).

■ Tway concedes that his client trust account was "already short" when Shipley's money was deposited on August 10, 1989, but argues that there is no evidence that he is the party responsible for the shortage, because three other people in his firm had access to the trust account on that date. Irrespective of whether Tway personally misappropriated the money, he was obligated pursuant to I.R.P.C. 1.15(a) to safekeep Shipley's money. By allowing the money to be deposited in an underfunded trust account, Tway failed to safeguard Shipley's funds in violation of I.R.P.C. 1.15.

Tway also concedes that from the Spring of 1991 Shipley's funds were not maintained in an account in Idaho. Failure to keep Shipley's funds in an Idaho account is a violation of I.R.P.C. 1.15(a).

## VII.

## SANCTIONS

■ While the findings and recommendations of the Hearing Committee in an attor-

ney discipline case are entitled to great weight, it is ultimately the responsibility of this Court to determine the sanctions available to the Professional Conduct Board. *Idaho State Bar v. Daw,* 128 Idaho at 82, 910 P.2d at 754.

■ The Hearing Committee has recommended that Tway be disbarred. The Hearing Committee placed great weight on the fact that Tway had been disciplined previously for similar misconduct; he made the "Nevada" arrangement with Shipley at a time when he was under charges by the Bar concerning similar transactions; and he did not disclose the problem with Shipley's funds in a deposition taken in July of 1991 in which he was specifically asked whether he had other clients for whom money was invested out-of-state.

The misconduct at issue here occurred around the same time as the misconduct for which Tway has previously been suspended, *Idaho State Bar v. Tway,* 123 Idaho 59, 844 P.2d 688 (1992), and appears to have been part of an ongoing pattern of misconduct which this Court has already addressed. The Court concludes that the public interest will be best served by the imposition of the maximum suspension of five years pursuant to I.B.C.R. 506(b) and the imposition of specific terms of suspension with which Tway must comply pursuant to I.B.C.R. 518(a)(4) prior to being reinstated to the practice of law in Idaho.

## VIII.

## CONCLUSION

The findings of the Hearing Committee that Tway violated Rules 1.3, 1.4, 8.4 and 1.15 of the Idaho Rules of Professional Conduct are supported by clear and convincing evidence in the record. Tway is suspended from the practice of law in Idaho for five years. After serving the suspension, he may apply for reinstatement pursuant to I.B.C.R. 518. Tway shall not be reinstated to the practice of law in Idaho unless he meets the following specific terms of his suspension: 1)

he shall comply with any unsatisfied conditions of the prior suspension within eighteen (18) months; 2) he shall arrange to be supervised by a member in good standing of the Idaho State Bar in the management of his trust account for a period of three (3) years from and after reinstatement; 3) he shall take and pass the requisite examinations for admission to the practice of law; 4) he shall establish all other terms of eligibility for admission to the practice of law in Idaho; 5) he shall reimburse the Idaho State Bar for the costs and expenses of investigating and prosecuting this action; and 6) he shall reimburse Shipley the $500.00 expended on the expert opinion, plus the $53.00 filing fee and the $45.00 process service fee, which amounts were deducted by Tway from Shipley's $2,500.00 deposit.

An appropriate order will issue.

McDEVITT, C.J., and TROUT and SILAK, JJ., and REINHARDT, J. Pro Tem., concur.