986 P.2d 339

**In the Matter of the Idaho State Bar Certificate of Transcript.**

**IDAHO STATE BAR, Plaintiff–Respondent,**

v.

**Larry A. GANTENBEIN, Defendant–Appellant.**

**No. 24878.**

Supreme Court of Idaho,
Boise, February 1999, Term.

July 28, 1999.

Winder & Haslam, P.C., Salt Lake City, Utah, for appellant.

Michael J. Oths, Idaho State Bar Counsel, Boise, for respondent.

WALTERS, Justice.

## NATURE OF THE CASE

This is a Bar discipline case where the hearing committee found that Larry A. Gantenbein had violated Rules 3.4(a), (b) and (d); 4.1(a); and 8.4(c) of the Idaho Rules of Professional Conduct.[1] The committee recommended that Gantenbein be suspended from the practice of law for twenty-four months, with eighteen months of the suspension to be withheld upon specified conditions. Gantenbein filed a notice of objection to the committee's findings and recommendations pursuant to Rule 511(o)(2) of the Idaho Bar Commission Rules (IBCR) and the matter was submitted to this Court for determination. We conclude that an order should be entered suspending Gantenbein from the practice of law as recommended by the hearing committee.

## FACTS AND PROCEDURE

Larry A. Gantenbein was admitted to practice law in Idaho in 1988 and, at all times relevant to this case, was employed as counsel for the Union Pacific Railroad (UPRR).

---

1. The particular rules that were violated are:

Rule 3.4 Fairness to Opposing Party and Counsel
A lawyer shall not:
(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;
(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;
(d) in pretrial procedure, make a frivolous discovery request or fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party.
Rule 4.1 Truthfulness in Statements to Others
In the course of representing a client a lawyer shall not knowingly:
(a) make a false statement of material fact or law to a third person.
Rule 8.4 Misconduct
It is professional misconduct for a lawyer to:
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

In June of 1996 the Bar initiated a complaint against Gantenbein. The complaint alleged eight counts of professional misconduct which were committed by Gantenbein in connection with his representation of UPRR in a personal injury lawsuit brought by a UPRR employee, Christopher Bryant, under the Federal Employers Liability Act (FELA), and subsequent employment matters between UPRR and Bryant. The misconduct took various forms, including: the intentional alteration of a medical report from Donald Whitenack, M.D., and then submitting the altered report to opposing counsel in Bryant's personal injury case; obstructing Bryant's lawyers in their efforts to determine who had altered the document; conduct in defending UPRR in depositions concerning the falsified document; and republication of the falsified document in subsequent administrative and federal court proceedings. An amended complaint was later filed asserting two additional counts of misconduct.

The parties entered into a stipulation of facts on March 11, 1998, in anticipation of the hearing scheduled on the Bar complaint against Gantenbein. The hearing committee designated to receive evidence in the case against Gantenbein found the April 19, 1994, redaction initially to have been an irrational and angry act by Gantenbein simply to revenge himself on Bryant's counsel for not withdrawing from representing Bryant, whom Gantenbein and UPRR suspected of pursuing a fraudulent or exaggerated claim for damages related to a knee injury, and for unilaterally obtaining a continuance of a trial setting in the case. The committee found that the redacted document was then inadvertently transmitted to the railroad's employment-disciplinary committee which was investigating Bryant's claim, rather than with an intent by Gantenbein to wilfully cause damage or injury to Bryant in the disciplinary process. The hearing committee found that although Gantenbein had disclosed his improper action to his supervisors at UPRR in May of 1994, no steps were taken at that time to bring the improper redaction to the attention of opposing counsel or to otherwise remedy the situation, on the assumption that

the redacted document was insignificant and meaningless in the circumstances of the Bryant disciplinary proceedings, which ultimately led to Bryant's termination from his employment with the railroad.

The hearing committee found that there existed clear and convincing evidence to conclude that Gantenbein had committed misconduct as alleged by the Bar, except as to the claims that Gantenbein had falsified the document for use in Bryant's disciplinary hearing and that he had made false statements in his pleadings. The committee concluded therefore that Gantenbein had violated Rules 3.4(a), (b), (d), 4.1(a) and 8.4(c) of the Idaho Rules of Professional Conduct. The committee determined that mitigating circumstances existed in the nature of various physical, medical and personal impairments suffered by Gantenbein. The committee recommended that Gantenbein be suspended from the practice of law for two years. However, two of the three committee members voted to withhold eighteen months of the suspension subject to satisfactory completion of a successful five-year period of probation following the actual suspension period. The committee set forth suggested terms of probation as part of its recommendation, which included: (a) that Gantenbein commit no additional ethical violations during the probation period; (b) that Gantenbein successfully retake and pass the ethics portion of the Idaho State Bar examination; (c) that Gantenbein undertake and successfully complete anger management counseling; (d) that Gantenbein prepare and publish an article in the Bar publications in the States of Idaho and Utah[2] explaining the violations which occurred and the professional and personal turmoil such actions have caused Gantenbein; and (e) payment of restitution to the Bar related to the expenses of prosecuting the disciplinary proceeding.

Gantenbein filed a notice of objection to the committee's findings, conclusions and recommendations under Rule 511(o)(2) of the Idaho Rules of Professional Conduct, and sought review by this Court of the committee's decision.

---

**2.** Gantenbein and his family have moved from Idaho and relocated in the State of Utah.

## ISSUE ON APPEAL

The sole question at issue in this case concerns the appropriateness of the sanctions to be imposed for the violations found by the hearing committee.

## STANDARD OF REVIEW

 When an attorney discipline action is reviewed by the Supreme Court, the Court independently examines the record to determine whether the evidence supports the findings and recommendations. *In Re William J. Tway*, 128 Idaho 794, 919 P.2d 323 (1996). The Court will examine the hearing committee's decision to determine if it is clearly erroneous or arbitrary and capricious. I.B.C.R. 509(9). The findings of the hearing committee are entitled to great weight; however, it is ultimately the responsibility of this Court to determine appropriate sanctions. *In Re Tway*, 128 Idaho 794, 919 P.2d 323 (1996); *In Re Eliasen*, 128 Idaho 393, 913 P.2d 1163 (1996); *In Re Daw*, 128 Idaho 80, 910 P.2d 752 (1996).

## ANALYSIS

 This Court has defined attorney discipline matters as judicial and not administrative nor truly appellate, with the responsibility of assessing facts and ordering sanctions to be imposed on an attorney ultimately resting with the Supreme Court. *In Re Jenkins*, 120 Idaho 379, 816 P.2d 335 (1991); *Dexter v. Idaho State Bar Bd. of Comm'rs*, 116 Idaho 790, 780 P.2d 112 (1989). First and foremost, the purpose behind suspension of an attorney is not to punish, but to protect the public from those who are unfit to perform the duties of an attorney at law. *In Re Daw*, 128 Idaho 80, 910 P.2d 752 (1996). The imposition of discipline for attorney misconduct, therefore, serves the goal of protecting the public and the legal profession, *In Re Tway*, 123 Idaho at 61, 844 P.2d at 690, and is intended to deter future and similar conduct. *In Re Williams*, 158 B.R. 488 (Bankr.D.Idaho 1993), as well as encouraging public confidence and participation in the disciplinary process. *In Re Matthews*, 128 Idaho 39, 40, 910 P.2d 153, 154 (1994).

 It is undisputed that the record supports the hearing committee's determination that the violations found by the hearing committed indeed occurred. The record developed by the committee also shows the existence of mitigating circumstances that in part explain, but do not excuse, Gantenbein's conduct. In determining what discipline is appropriate under the circumstances, the court reviews the attorney's violations in light of all relevant factors, including the nature of the violation, mitigation and aggravating circumstances, the need to protect the public, the courts and the legal profession and the moral fitness of the attorney. *See generally In Re Goffe*, 641 A.2d 458 (D.C.1994). We have considered the arguments presented by counsel for Gantenbein and by Bar counsel relative to the recommendations suggested by the hearing committee.

## CONCLUSION

We conclude that an order should be entered suspending Larry Gantenbein from the practice of law in the State of Idaho for a period of twenty-four months commencing upon the date of the filing of the order with the clerk of this court. Eighteen months of the suspension will be withheld pursuant to IBCR Rule 507 subject to the satisfactory completion of a successful five-year period of probation. The terms of probation will be: (1) any additional ethical violations found during the probation period shall result in imposition of the full period of suspension; (2) Gantenbein shall take and pass the ethics portion of the Idaho State Bar examination before the expiration of the period of probation; (3) Gantenbein shall undertake and successfully complete an anger management counseling program through a qualified psychiatrist or psychologist, with the details and reporting to be as required by the Idaho State Bar counsel's office; (4) Gantenbein shall prepare and submit to the counsel for the Idaho State Bar, within six-months from the date of this order, an article suitable for publishing in the Idaho State Bar publication, explaining the violations that occurred and the professional and personal turmoil such actions caused Gantenbein; and (5) payment of restitution to the Idaho State Bar for the expense of prosecuting this disciplinary

proceeding, in an amount to be determined by counsel for the Idaho State Bar and counsel for Gantenbein, to be paid over a reasonable length of time, with interest, to allow Gantenbein sufficient time to meet the obligation financially.

No costs or attorney fees on appeal are allowed.

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL, concur.